**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

v.                                                **Criminal Action No. 2:13-cr-49-3**

**MELVIN SANDERS,**
        **Defendant.**

## ORDER/OPINION REGARDING PLEA OF GUILTY

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Melvin Sanders, in person and by counsel, Scott Curnutte, appeared before me on April 8, 2014. The Government appeared by Assistant United States Attorney Andrew Coger. The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count Two of the Indictment.

The Court proceeded with the Rule 11 proceeding by first placing Defendant under oath.

The Court then inquired of Defendant whether he was a citizen of the United States. Defendant responded that he is a citizen. The undersigned asked Defendant whether he understood that if he were not a citizen of the United States, by pleading guilty to a felony charge he would be subject to deportation at the conclusion of any sentence; that he would be denied future entry into the United States; and that he would be denied citizenship if he ever applied for it. Defendant stated that he understood.

The Court determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court asked counsel for the Government to summarize the written Plea Agreement. The Court inquired whether this was the only offer made to Defendant, to which counsel for Defendant responded that a prior plea agreement containing a stipulation as to relevant conduct had been offered to and rejected by Defendant.

Counsel for Defendant further indicated that the instant plea agreement did not contain such a stipulation and that it was more favorable to Defendant than the one previously offered. The Court inquired whether counsel for Defendant had discussed both agreements with Defendant, and counsel responded that he had. Defendant stated that the agreement as summarized by counsel for the Government was correct and complied with his understanding of the agreement. The Court **ORDERED** the written Plea Agreement filed and found the requirements of <u>Missouri v. Frye</u>, 132 S. Ct. 1399 (2012), to be satisfied.

The Court next inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear and accept his plea and voluntarily consented to the undersigned Magistrate Judge hearing and accepting his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Melvin Sanders, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning

2

by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned then reviewed with Defendant Count Two of the Indictment and the elements the Government would have to prove, charging him with conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. The undersigned then reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charges contained in Count Two of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charges pending against him and understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on Count Two was imprisonment for a term of not more than twenty (20) years; understood that a fine of not more than $1,000,000.00 could be imposed; understood that both fine and imprisonment could be imposed; understood he would be subject to a period of at least three (3) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. Defendant also understood that his sentence could be increased if he had a prior firearm offense, violent felony conviction, or prior drug conviction. He also understood he might be required by the Court to pay the costs of his incarceration and supervised release.

The undersigned also reviewed with Defendant his waiver of appellate rights as follows:

| | |
|---|---|
| Ct: | Did you discuss with Mr. Curnutte and did you understand from that discussion that you have a right under 18 U.S.C. § 3742 to appeal your conviction and your sentence to the Fourth Circuit Court of Appeals? |
| Def. | Yes. |
| Ct. | Did you and Mr. Curnutte discuss and did you understand from that discussion that you may collaterally attack or challenge the sentence and how it's being carried out by filing a writ of habeas corpus type motion under 28 U.S.C. § 2255? |
| Def. | Yes. |
| Ct. | Did you understand that if the District Judge imposes an actual sentence which is the same as or equal to an advisory Guidelines sentence which has a corresponding base offense level of 26 or lower, then you give up your right to appeal that actual sentence and you are giving up your right to collaterally attack it by filing a writ of habeas corpus motion? |
| Def. | Yes. |
| Ct. | You intended to conditionally give up those rights as set forth in paragraph 10 of your agreement? |
| Def. | Yes. |
| Ct. | You understood that paragraph fully when you signed the agreement? |
| Def. | Yes, I did. |
| Ct. | Has anything changed about your understanding of that provision since you signed it on the 3rd of April and today? |
| Def. | No. |

From the foregoing colloquy the undersigned determined that Defendant understood his appellate rights and knowingly gave up those rights pursuant to the condition contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned then inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Two of the Indictment, the undersigned Magistrate Judge would write the subject Order and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court. The undersigned advised the Defendant that the District Judge would adjudicate the Defendant guilty of the felony charged under Count Two of the Indictment. Only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject any recommendation or stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations or stipulation contained in the written

5

agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulation contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced him to a higher sentence than he expected, he would not have a right to withdraw his guilty plea. Defendant further stated his attorney showed him how the advisory guideline chart worked but did not promise him any specific sentence at the time of sentencing. Defendant stated that he understood his attorney could not predict or promise him what actual sentence he would receive from the sentencing judge at the sentencing hearing. Defendant further understood there was no parole in the federal system, although he may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

Thereupon, Defendant, Melvin Sanders, with the consent of his counsel, Scott Curnutte, proceeded to enter a verbal plea of **GUILTY** to the felony charge in Count Two of the Indictment.

The Court would generally hear the testimony of a Government witness at this point in the hearing to support an independent basis in fact for the guilty plea. In this case, the parties agreed that the Government would provide a proffer to provide that independent basis in fact. The Government proffered that investigations of Defendant's drug trafficking activity were conducted by the West

Virginia State Police Bureau of Criminal Investigations, the United States Postal Inspection Service, and the Greater Harrison County Drug and Violent Crimes Task Force. Agents interviewed individuals who personally observed co-defendant Lennox Buckley provide separately packaged quantities of cocaine to Defendant for redistribution. Furthermore, two controlled purchases of cocaine were made from Defendant. These controlled purchases were recorded through audio and video. The first purchase occurred on January 13, 2011 and involved the purchase of seven (7) grams of cocaine. The second occurred on February 1, 2011 and involved the purchase of four (4) grams of cocaine. These purchases occurred within the time period encompassed by the conspiracy and within the Northern District of West Virginia. The Drug Enforcement Administration's ("DEA") laboratory confirmed that the substances obtained from the controlled purchases contained cocaine. Additionally, officers, after executing a search warrant at a residence on Celia Street in Fairmont, West Virginia located and seized a quantity of cocaine from under the porch.

Defendant stated he heard, understood, and did not disagree with the Government's proffer except to the representation that he was involved with the residence on Celia Street. Nevertheless, the undersigned United States Magistrate Judge concludes the offense charged in Count Two of the Indictment are supported by an independent basis in fact concerning each of the essential elements of such offense. That independent basis is provided by the Government's proffer.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understands his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting his plea; Defendant understood the charges against him, not only as to the Indictment as a whole, but in particular as to

Count Two of the Indictment; Defendant understood the consequences of his plea of guilty, in particular the maximum statutory penalty to which he would be exposed for Count Two; Defendant made a knowing and voluntary plea of guilty to Count Two of the Indictment; and Defendant's plea is independently supported by the Government's proffer which provides, beyond a reasonable doubt, proof of each of the essential elements of the charges to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's plea of guilty to Count Two of the Indictment and recommends he be adjudged guilty on said charges as contained in Count Two of the Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is remanded to the custody of the United States Marshal Service pending further proceedings in this matter.

The Clerk of the Court is directed to send a copy of this Order/Opinion to counsel of record.

DATED: April 9, 2014

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE